```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

ARTHUR L. GREEN,                )
                                )
          Plaintiff,            )
                                )
     vs.                        )    Civil Action No. 06-208
                                )
JO ANNE B. BARNHART,            )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
          Defendant.            )


O R D E R

AND NOW, this 5th day of March, 2007, upon consideration of Defendant's Motion for Summary Judgment (document No. 13) filed in the above-captioned matter on July 10, 2006,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 11) filed in the above-captioned matter on June 16, 2006,

IT IS HEREBY ORDERED that said Motion is GRANTED in part and DENIED in part. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

I.      **Background**

In 1999, an Administrative Law Judge (ALJ) found Defendant to be disabled and awarded him social security benefits. (R. 9). In February

2003, the Social Security Administration ("SSA") informed Plaintiff that after learning that he had resources, specifically, his pension plan through Westinghouse, which well exceeded the $2,000 maximum amount of resources a claimant may have in order to be eligible for supplemental security income ("SSI"), it had determined that he had been overpaid $14,728.40. (R. 63). On March 7, 2003, Plaintiff submitted a Request For Waiver of Overpayment arguing that the overpayment was not his fault. (R. 24-31). This request was denied and Plaintiff sought and received a hearing before a different ALJ. (R. 32-38).

## II. The ALJ's Decision

In a decision dated July 29, 2004, the ALJ found that Plaintiff's pension was a liquid resource and, therefore, should have been counted in the calculation of Plaintiff's resources when determining whether he was eligible for social security benefits. (R. 9-10). Because counting this asset would have put Plaintiff's resources well beyond the $2,000 maximum permitted in order to be eligible for benefits, the ALJ concluded that Defendant "should have never received any social security benefits" and owed an overpayment of $14,728.40.[1] (R. 9). The ALJ went on to find that a waiver of this overpayment was not warranted because Plaintiff was not without fault for the overpayment since "he could be expected to know that ownership of such a fund was a fact that needed to be disclosed when he first filed for SSI, and then when he began to receive payment." (R. 11-12). The Appeals Council declined to review the

---

[1] While the ALJ found that Plaintiff should have never received SSI, he notes that this amount does not include all benefits received by Plaintiff because of the two year limitation on reopening prior determinations set forth under 20 CFR § 416.1488. (R. 9).

2

ALJ's decision. (R. 2-4). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

### III.  Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (quoting 42 U.S.C. § 405(g)); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citations omitted). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by counterveiling evidence." Morales v. Apfel, 225 F.3d 310, 316 (3d Cir. 2000) (citations omitted). "Nor is evidence substantial if it is overwhelmed by other evidence - particularly certain types of evidence (e.g., that offered by treating physicians) - or if it really constitutes not evidence but mere conclusion." Id.

## IV. Legal Analysis

In the present case, Plaintiff alleges that the ALJ erroneously concluded that his pension was a liquid resource when determining that an overpayment was made.[2] Plaintiff also argues, in the alternative, that a waiver of the overpayment is warranted because he was without fault since he informed the SSA of this pension both in his original application and at the time of his disability hearing. Because the Court finds that substantial evidence does not support the ALJ's determination that Plaintiff's pension plan was a liquid resource from the time that he applied for benefits, it will remand the case for further investigation.

The Social Security Act provides benefits to disabled people who have limited income and resources. 42 U.S.C. § 1382(a). However, individuals who have resources in excess of $2,000 are not eligible for benefits. 42 U.S.C. § 1382(a)(1)(B). Furthermore, the Secretary is directed to pursue collection of any overpayments of SSI benefits, except that recovery of such overpayments shall be waived if the claimant was without fault for the overpayment and recovery would defeat the purpose of the Act or would be against equity or good conscience. 42 U.S.C. § 1383(b)(1).

While the statute does not designate who bears the burden of establishing that an overpayment has been made, the Third Circuit has held that "when the government seeks to recover an alleged overpayment, it must demonstrate that the claimant was not entitled to the Social Security

---

[2]  Contrary to the assertion by the ALJ that Plaintiff "does not dispute that his pension fund constitutes a resource," (R. 10), it is clear from the record that he does argue that his pension should not have been considered to be a liquid resource. (R. 66-67, 97-99).

4

funds." Cannuni vs. Schweiker, 740 F.2d 260, 263 (3d. Cir. 1984). This would include, therefore, a burden to establish that the claimant had resources which exceeded $2,000.

Resources have been defined by the Secretary in the regulations as "cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201(a). The regulations go on to state that a claimant's resources are the property owned by the claimant, or that which he has the "right, authority or power to liquidate" or, as the Third Circuit stated, the "property the claimant owns or has the current right to use for his own benefit." 20 C.F.R. § 416.1201(a)(1); Cannuni, 740 F.2d at 264. If a property right cannot be liquidated, it is not to be considered as a resource. 20 C.F.R. § 416.1201(a)(1). Finally, liquid resources are defined as "cash or other property which can be converted to cash within 20 days...." 20 C.F.R. § 416.1201(b).

Here, the ALJ decided that because Plaintiff's pension was a liquid resource which exceeded $2,000 at the time that he applied for SSI, he was not eligible for benefits and, therefore, "[n]o payments should ever have been made" and that Plaintiff was overpaid benefits in the amount of $14,728.40. (R. 9-10). However, it is unclear to this Court what evidence in the record the ALJ relied upon in making this determination. While it is clear from the Social Security Administration Programs Operations Manual System ("POMS") that a pension may very well be considered to be a liquid resource under certain circumstances, it must be established that the Plaintiff not only had an ownership interest in the

pension, a fact not disputed by Plaintiff, but that he also had a legal right to access the property and there was not a legal restriction against the property's use for his own support and maintenance. See POMS §§ SI 01120.010 and SI 01120.210.

In his opinion, the ALJ, after doing a cursory analysis of the general law regarding resources, relied upon Social Security Ruling 81-36, which held that the contributions the claimant had made to the Civil Service Retirement System when he was a federal employee were resources for SSI purposes, stating that the situation there was "virtually identical" to the instant case. (R. 10). However, in that ruling, as in the case of Blaylock v. Harris, relied upon by the ALJ during the hearing, it was clear that the claimants had the right to withdraw the money at any time whether with a penalty, as in SSR 81-36, or without a penalty, as in Blaylock. 531 F.Supp 24 (W.D. MO. 1981). Either way, the claimants' right to withdraw their funds under those individual retirement plans was clear from the record and was cited to as a determining factor in finding that they were liquid resources. (R. 78, 81).

Here, the ALJ does not discuss, nor is there anything in the record which sets forth what Plaintiff's rights were under his Westinghouse Pension Plan at the time that he applied for his benefits.[3] Therefore, the Court cannot determine that substantial evidence supports

---

[3] The Court does note that, while the SSI overpayment notice at page 63 of the Record is labeled as "Page 1 of 10" and states that it includes "a detailed explanation of [Plaintiff's] overpayment," all that is included in the instant record is this one page informing Plaintiff of his overpayment. There is nothing following it in the record which explains the overpayment in any detail. In fact, page 64 begins Plaintiff's Pre-Hearing Statement.

the ALJ's conclusion that the pension plan was a liquid resource at that time, and therefore, that an overpayment was made.[4]

**V.      Conclusion**

The Court finds that there simply is not substantial evidence to support the ALJ's determination that from the time that Plaintiff applied for benefits, his pension plan was a liquid resource. Accordingly, the Court will remand for the ALJ to evaluate Plaintiff's rights under his pension plan in order to determine if and when it became a liquid resource so that he may sufficiently determine whether an overpayment was made to Plaintiff.[5]

                                    s/Alan N. Bloch
                                    United States District Judge

ecf:       Counsel of record

---

[4]     While the fact that, after April 2001, Plaintiff was permitted to cash in his pension for a lump sum payment may tend to show that the pension became a liquid resource at that point in time, the ALJ specifically found that Plaintiff should have never received benefits because his pension was at all times a liquid resource, and it is this decision which the Court finds is not supported by substantial evidence.
     A determination regarding when Plaintiff's pension would have become a liquid resource is important not only in calculating the amount of overpayment but also in the ALJ's waiver analysis in light of Plaintiff's allegation that he informed the SSA of the pension both when he initially applied for benefits and at his hearing.

[5]     Since the Court finds that substantial evidence does not support the ALJ's determination that at the time he applied for benefits Plaintiff's pension was a liquid resource, and therefore, an overpayment was made, it need not address Plaintiff's arguments regarding the ALJ's decision not to waive such overpayment.
     However, the Court notes that if on remand the ALJ finds that an overpayment was made to Plaintiff, he will have to re-evaluate whether a waiver of the overpayment is warranted. This determination will require the ALJ to "specifically take into account any physical, mental, educational, or linguistic limitation" Plaintiff has and may or may not require a credibility analysis in light of Plaintiff's allegation that he informed the SSA of his pension plan at the time that he initially applied for benefits and at his hearing.  42 U.S.C. § 404(b);  20 C.F.R. § 404.507.  In order for these determinations to be made, the ALJ may have to more fully develop the record, as is his duty in social security proceedings. See Sims v. Apfel, 530 U.S. 103, 120 S.Ct. 2080, 2085 (2000).